IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:07-CR-00422 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| ALBERT LEO BERRETINNI, JR., | : | |
| MARY ANN BERRETTINI | : | |
| | : | |
| Defendants | : | |

**M E M O R A N D U M**

January 14, 2009

**BACKGROUND:**

On October 25, 2007, a grand jury sitting in the Middle District of

Pennsylvania returned an indictment against defendants Albert Leo Berretinni, Jr.

and Mary Ann Berrettini setting forth a number of tax related charges.  An arrest

warrant was issued October 25, 2007.  On October 30, 2007, the Berrettinis made

their initial appearance before the magistrate judge. The Berrettinis were present

without counsel and were informed that they would not be eligible for court

appointed counsel.  The Berrettinis were released on their own recognizance.  On

July 22, 2008, this court appointed counsel, D. Toni Byrd, Esquire, and Stephen

Becker, Esquire, because of the complexity of the case and because the Berrettinis

were having trouble finding counsel.

Before the court now is an Ex Parte Motion from D. Toni Byrd, Esquire for

Leave to Withdraw as Counsel Due to Conflict of Interest (Rec. Doc. No. 113) and the United States' Motion to Disqualify Defense Counsel Stephen Becker (Rec. Doc. No. 123) and Attorney Becker's Brief in Opposition to [the] Government's Motion to Disqualify Defense Counsel (Rec. Doc. No. 124).

Now, for the following reasons, we will deny both motions.

**DISCUSSION:**

History:

A  more robust recitation of the history of this case is set forth in our Memorandum and Order dated October 2, 2008.  For the purposes of the two motions at issue in this Memorandum and Order, the salient facts are that the Berrettinis have had more than a year to obtain counsel, are financially able to afford counsel, have been granted numerous continuances for more time to find counsel, yet have not secured representation. The Berrettinis have stated several times on the record that they do not want to proceed pro se.  As a result, this court appointed counsel, at the Berrettinis expense, because of the difficulties they were having in securing counsel, their desire not to proceed pro se, and the complex nature of the charges.

The court appointed Stephen Becker, Esquire to represent Albert Leo Berrettini, and D. Toni Byrd, Esquire to represent Mary Ann Berrettini, but advised the Berrettinis they could still obtain counsel of their own choosing.  (Rec. Doc. No. 97.) Within a week of appointing counsel, this court received a letter from the Berrettinis detailing eight reasons why Becker and Byrd are incompetent attorneys. (Rec. Doc. No. 102.)

On September 16, 2008, D. Toni Byrd, Esquire filed an Ex Parte Motion for Leave to Withdraw as Counsel.  (Rec. Doc. No. 113.) Attorney Byrd requested leave to withdraw as counsel for Mary Ann Berrettini due to a conflict of interest because the Berrettinis filed a civil action in the Court of Common Pleas of Lycoming County, docket number 08-01896, against Attorneys Becker and Byrd, and the "United States District Court Bar Associations, et-al members."  On October 2, 2008, we ordered that Mary Ann Berrettini had ten days to show cause why we should not grant Byrd's Motion to Withdraw, and if she did  not timely show cause, the motion to withdraw as counsel would be granted.  (Rec. Doc. No. 117.) We warned Mary Ann Berrettini that because she has had almost a year to find counsel and had intentionally caused a concurrent conflict with her court appointed attorney, she had forfeited whatever right (if any) she may have had to court appointed counsel, and had forfeited the right to further continuances to

3

obtain counsel.  (Id.)

Based on our October 2, 2008 order, the government, through AUSA Wayne Samuelson, Esquire,  moved to disqualify Stephen Becker, Esquire as counsel for Albert Leo Berrettini.  (Rec. Doc. No. 123.)  Samuelson contends that Becker has the same conflict with Albert Leo Berrettini as Byrd does with Mary Ann Berrettini, due to the outstanding lawsuit against Becker and Byrd.  (Id.)  Becker filed a brief in opposition to the government's motion to disqualify him.  (Rec. Doc. No. 124.)  Becker argued he was still able to represent Albert Leo Berrettini within the bounds of Pennsylvania Rule of Professional Conduct 1.7(a)(2).

Because of the differing views of counsel as to their ability to represent the Berrettini's, and the silence of the Berrettinis on the matter, we scheduled a hearing for October 21, 2008.  (Rec. Doc. No. 127.)  On October 20, 2008, we issued an order rescheduling the hearing from October 21, 2008 to October 23, 2008.  (Rec. Doc. No. 137.)  The Berrettinis did not appear for the hearing even though counsel indicated that both the Berrettinis had been notified.  At this hearing, Attorneys Becker and Byrd orally moved for further psychological evaluations of their respective clients. The government did not oppose the oral motions.   This court rescheduled a hearing for October 29, 2008 on the issues of contempt for missing the October 23 hearing, the oral psychological evaluation motions, and the motions

4

to withdraw/disqualify counsel.

On October 29, 2008 another hearing was held. The Berrettinis were present. Albert Leo Berrettini testified that he willfully failed to appear at the October 23, 2008 hearing, despite notice of the hearing; he admitted he filed documents with the court rescinding his signature on the appearance bond, and he testified that he has no intention of appearing at the direction of the court.          (Rec. Doc. No. 171).  Consequently, we granted the motion of the government for detention of Albert Leo Berrettini pending trial.  Mary Ann Berrettini was continued on pretrial release based on her personal recognizance.  This court also ordered a further psychiatric evaluation of Albert Leo Berrettini, and deferred acting on the motions to withdraw/disqualify counsel until after the competency evaluation.

On November 13, 2008, the Honorable Judge Richard A. Gray dismissed the complaint the Berrettinis filed against Becker and Byrd in the Court of Common Pleas of Lycoming County, Pennsylvania. (Civil Action No. 08-01,896, Order dated November 13, 2008.)  Judge Gray described the complaint as "incomprehensible 'gibberish.'" (Id.)  Judge Gray granted 20 days for the Berrettinis to file an amended complaint.  According to the official docket entries, no amended complaint has been filed.

On January 6, 2008, this court received the Competency to Stand Trial

5

Evaluation.  (Rec. Doc. No. 179.)  This evaluation found that Albert Leo Berrettini

does not present with a mental disease or defect and is competent to stand trial.

(Id.)

Standard of Review:

District courts have the obligation to furnish representation for those

defendants charged with a felony who are financially unable to afford

representation.  18 U.S.C. § 3006A.  A person is "financially unable to obtain

counsel" if his net financial resources and income are insufficient to enable him to

obtain qualified counsel.  The Guide to Judiciary Policies and Procedure, Volume

VII, Chapter II, Part A, § 2.04.

The Middle District of Pennsylvania has adopted the Pennsylvania Rules of

Professional Conduct.[1]  L.R. 83.23.2.  A lawyer may withdraw from representing a

client if...other good cause for withdrawal exists.  Pa. RPC 1.16(b)(7). A lawyer

shall not represent a client if the representation involves a concurrent conflict of

interest.  Pa. RPC 1.7(a)(2).  A concurrent conflict of interest exists if there is a

significant risk that the representation will be materially limited by a personal

interest of the lawyer. Id.  Where a constitutional right to counsel exists there is a

---

[1]With the exception of Pa. RPC 3.10, which is inapplicable to the instant
case.

6

correlative right to representation that is free from conflicts of interest.  Wood v
Ga., 450 U.S. 261, 272 (1981).

    A criminal defendant can forfeit his Sixth Amendment right to counsel.
USA v. McLeod, 53 F.3d 322, 325 (11th Cir. 1995), accord USA v. Goldberg, 67
F.3d 1092 (3d Cir. 1995).  The Sixth Amendment right to counsel, for example,
may be forfeited by a defendant's failure to retain counsel within a reasonable
time, even if this forfeiture causes the defendant to proceed pro se.  McLeod, 53
F.2d 322 see USA v. Fowler, 605 F.2d 181 (5th Cir. 1979).   A defendant charged
with failing to file tax returns, financially able to afford counsel, who waited eight
months from arraignment to retain counsel was found to have forfeited[2]
representation by private counsel.  Fowler, 605 F.2d at 183.  The right to assistance
of counsel, as cherished and fundamental though it be, may be forfeited because it
may not be put to service as a means of delaying or trifling with the court.  Id.

    To forfeit the right to court appointed legal representation, a defendant must
engage in "extremely serious misconduct." USA v. Leggett, 162 F.3d 237, 250 (3d
Cir. 1998).   A forfeiture is the loss of a right, regardless of the defendant's
knowledge thereof and irrespective of whether the defendant intended to relinquish

---

    [2]The Fowler case uses the term "waiver." This is actually a forfeiture,
because a waiver implies "an intentional and voluntary relinquishment of a known
right." Goldberg 67 F.3d at 1099.

the right. Goldberg, 67 F.3d at 1101.

Disposition:

When the civil action by the Berrettinis against Byrd and Becker was outstanding, this court had intended on granting the motions to withdraw/disqualify counsel because of the concurrent conflict the Berrettinis intentionally created by suing counsel within two months of counsels' appointment, and because we consider the filing of a frivolous lawsuit after just one meeting with counsel to be extremely serious misconduct that would result in the forfeiture of court appointed counsel.   However, as the Court of Common Pleas of Lycoming County has dismissed the complaint, calling it "incomprehensible gibberish," we find that the conflict no longer exists, and we will deny both motions.

The Berrettinis are warned that if they file a motion to remove counsel, or take any other action to intentionally cause counsel to be disqualified, we will not appoint replacement counsel.  The Berrettinis have delayed finding counsel for more than a year, and thus further dilatory tactics or improprieties will result in a forfeiture of the right to counsel, even if that means they have to proceed pro se. See McLeod, 53 F.2d 322.  Furthermore, we will not consider appointing a replacement because it would be futile.  There are no financial barriers to hiring

8

counsel and we would expect the Berrettinis to find fault with any other counsel we would appoint.

Because the conflict has been removed by dismissal of the complaint against Attorneys Becker and Byrd, we will dismiss both Byrd's motion to withdraw as counsel, and the government's motion to disqualify Becker.  (Rec. Doc. Nos. 113 and 123).


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :      No. 4:07-CR-00422
                                  :
           v.               :      (Judge McClure)
                                  :
ALBERT LEO BERRETINNI, JR.,  :
MARY ANN BERRETTINI      :
                                  :
       Defendants         :

**O R D E R**

January 14, 2009

For the reasons set forth in the accompanying memorandum,

**IT IS ORDERED THAT:**

1.      D. Toni Byrd's <u>Ex</u> <u>Parte</u> Motion For Leave to Withdraw as Counsel

Due to Conflict of Interest is DENIED.  (Rec. Doc. No. 113)

2.      The United States' Motion and Memorandum to Disqualify Defense

counsel, Stephen Becker is DENIED. (Rec. Doc. No. 123)

3.      The Berrettinis are warned that this court will not appoint replacement

counsel if the Berrettinis cause their current attorneys, D. Toni Byrd, Esquire and

Stephen Becker, Esquire, to be disqualified as counsel.

4.      Due to required continuing medical treatment for the undersigned

judge, the case will be reassigned to another judge for jury selection, trial and all

10

further proceedings unless

    (a)    Plea agreements are filed for both defendants on or before

          January 23, 2009, or

    (b)    A motion for continuance is filed on or before January 23, 2009,

          and the motion is granted.


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge