# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 4:07-CR-0422 |
| v. | : (Judge Conner) |
| **ALBERT LEO BERRETTINI, JR.,** and **MARY ANN BERRETTINI,** | : |
| **Defendants** | : |

## ORDER

AND NOW, this 3rd day of February, 2010, upon consideration of the request to proceed *pro se*, which defendant Albert Leo Berrettini made at a proceeding held on January 29, 2010 (see Docs. 292, 293), and it appearing that defendant has made a voluntary, knowing, and intelligent waiver of his right to representation by counsel,[1] (see Docs. 292, 293), see also Buhl v. Cooksey, 233 F.3d 783, 789 (3d Cir. 2000) ("[T]he constitutional right of self-representation in a criminal case is conditioned upon a voluntary, knowing, and intelligent waiver of the right to be represented by counsel."), and that defendant has properly asserted his right to represent himself, (see Doc. 293), and the court concluding that "a defendant must be allowed to represent him/herself when a proper request is made and counsel is waived," Buhl, 233 F.3d at 791 (citing Faretta v. California, 422 U.S. 806 (1975)), and

---

[1] The court warned the defendant of the dangers of self-representation at the proceeding held on January 29, 2010. (See Doc. 293). The defendant has also been advised against self-representation at his arraignment, (see Doc. 29), and at hearings on his representation status (see Docs. 53, 91). He has also been informed of the nature of the charges against him and the possible penalties at these proceedings. (See Docs. 29, 53, 91, 293).

the court noting that it "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct," Faretta, 422 U.S. at 834 n.46, it is hereby ORDERED that:

1. The request to proceed *pro se* (see Doc. 293) is GRANTED.[2]

2. Stephen F. Becker, Esquire, is appointed as standby counsel for defendant.[3]

3. The Clerk of Court is directed to serve a copy of this order on both defendants via an express mail service and standard post.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[2] The court reiterates that, if defendant engages in serious misconduct, the court may terminate his self-representation. Faretta, 422 U.S. at 834 n.46. Serious misconduct might include, but is not limited to, actions that obstruct or manipulate the proceedings. The court may also consider evidence of dilatory motive as a basis for denying defendant's self-representation. United States v. Leveto, 540 F.3d 200, 207 (3d Cir. 2008). The court notes that it will not look favorably upon the presentation of motions that have already been addressed by prior court orders, as it doubts that defendant can have any purpose for re-raising such motions but to delay or obstruct the proceedings.

[3] The court may direct the defendant to consult with standby counsel in certain matters. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (holding that the defendant's rights are "not infringed when standby counsel assists the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task . . . that the defendant has clearly shown he wishes to complete").