# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:07-CR-0422** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ALBERT LEO BERRETTINI, JR.,** | : | |
| **and MARY ANN BERRETTINI,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 8th day of February, 2010, upon consideration of the documents (e.g., Docs. 266,[1] 290,[2] and the like) filed by defendant Albert Leo Berrettini, and it appearing that defendant is not "applying to the court for an order," see Fed. R. Crim. P. 47(a) ("A party applying to the court for an order must do so by motion."),[3] and it further appearing that there is no reason to permit such documents to be filed with the court as they bear no relationship to the pending

---

[1] This docket entry contains two documents, which are captioned "Notice of In Rem Claim to Property," (Doc. 266), and "Notice of In Rem Seizure of Property on Land," (Doc. 266-2).

[2] The document filed at this docket entry is captioned "Notice of Presentment of Classified Information," (Doc. 290).

[3] Insofar as the filings in question could be construed as motions, the motions are denied, because defendant was represented by counsel at the time he filed them, but he filed them without assistance therefrom. See United States v. D'Amario, 268 F. App'x 179, 180 (3d Cir. 2008) ("The Constitution does not confer a right to proceed simultaneously by counsel and pro se . . . ."); see also United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3d Cir. 2006).

criminal matter,[4] and the court finding that the power to strike such documents from the record is within the court's inherent powers, see Ray v. Eyster, 132 F.3d 152, 156 (3d Cir. 1997) ("[A] court does have inherent authority over both its docket and over the persons appearing before it.  It has long been recognized that courts are vested with certain inherent powers that are not conferred either by Article III or by statute, but rather are necessary to all other functions of courts." (citing U.S. v. Hudson, 11 U.S. 32 (1812))), it is hereby ORDERED that all documents filed by defendant and not previously disposed of are STRICKEN from the record, without prejudice to future filings which are properly characterized and which are in compliance with the applicable rules of procedure and local rules of court.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] Insofar as defendant may wish to submit the documents as evidence, the court reminds defendant that evidentiary materials should be submitted at trial, not filed with the court in advance of trial.  Subject, of course, to the strictures of the applicable rules of evidence and procedure, the court will admit them into evidence at trial.