# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 4:07-CR-0422 |
| | : |
| v. | : (Judge Conner) |
| | : |
| **ALBERT LEO BERRETTINI, JR.,** | : |
| and **MARY ANN BERRETTINI**, | : |
| | : |
| **Defendants** | : |

## ORDER

AND NOW, this 22nd day of February, 2010, upon consideration of the "judicial notice and memorandum" (Doc. 302), filed by defendant Albert Leo Berrettini, and upon further consideration of the "petition for summary judgment dismissal" (Doc. 286), filed by defendant Mary Ann Berrettini, and it appearing that defendants wish to challenge the subject matter jurisdiction of the court, and it further appearing that the court has already disposed of this issue on numerous prior occasions,[1] and the court concluding that it has subject matter jurisdiction

---

[1] Defendants have challenged the court's subject matter jurisdiction multiple times. One filing, captioned "demand to quash as per lack of subject matter jurisdiction" (Doc. 26), was deemed withdrawn, for failure to file a supporting brief in accordance with local rules, by an order of court (Doc. 38) dated December 3, 2007. Another filing, captioned "demand to quash for lack of territorial jurisdiction" (Doc. 44), was, for the same reason, deemed withdrawn and was also explicitly denied on the merits by an order of the court (Doc. 64) dated February 4, 2008. On March 17, 2008, the Third Circuit Court of Appeals denied defendants' subsequent petition for a writ of mandamus, and it held that their position on the issue of jurisdiction was "patently incorrect." (See Doc. 75); In re Berrettini, No. 08-1573, slip op. at 4 (3d Cir. March 11, 2008). Defendants also raised jurisdictional issues in correspondence to the court, dated June 20, 2008 (Doc. 92), and July 14, 2008 (Doc. 94). With regard to this correspondence, the court ruled that to the extent that it could be deemed a motion to dismiss for lack of subject matter jurisdiction, such a motion would be denied. (See Doc. 93). The court stated that it

over the above-captioned case, see 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."), it is hereby ORDERED that the "judicial notice and memorandum" (Doc. 302) and the "petition for summary judgment dismissal" (Doc. 286) are DENIED insofar as they request that the court dismiss the case for lack of subject matter jurisdiction.[2]

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

---

would not "entertain any more jurisdictional challenges by defendants," (Doc. 93 at 5); nevertheless, defendant Albert Leo Berrettini continued to argue that the court lacked jurisdiction in proceedings before Judge McClure, and Judge McClure rejected his argument on the record. (See Doc. 198 at 15-16, 19-20). The court affirms its prior rulings described above.

   [2] The defendants have preserved the issue of subject matter jurisdiction for appeal; they may present their jurisdictional challenges to the Third Circuit. The court will not entertain any jurisdictional challenges during trial. Any such arguments will be summarily rejected, and the defendants may be subject to further sanctions, including contempt of court.