# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 4:07-CR-0422 |
| v. | : (Judge Conner) |
| **ALBERT LEO BERRETTINI, JR.,** and **MARY ANN BERRETTINI,** | : |
| Defendants | : |

## **ORDER**

AND NOW, this 25th day of March, 2010, upon consideration of defendants' pending motions (see Docs. 349-354),[1] and it appearing that defendants wish to challenge the subject matter jurisdiction of the court (see Doc. 350 at 8), and it further appearing that defendants contend that the court committed various errors throughout the trial proceedings (see Doc. 351 at 2-3), and the court noting that it has already rejected defendants' jurisdictional challenges,[2] and the court concluding that defendants have failed to establish the existence of any error

---

[1] Defendant Albert Leo Berrettini has filed a "notice of motion" (Doc. 349), along with a motion to dismiss the indictment (Doc. 350), and a motion to dismiss for lack of territorial jurisdiction (Doc. 352), accompanied by a brief in support thereof (Doc. 353). In addition, both defendants filed a motion for acquittal, for arrest of judgment, or for a new trial (Doc. 351) and a "joint verified brief" in support of the motion for an order declaring a mistrial, for a new trial, or for arrest of judgment and a stay of all proceedings and orders. (Doc. 354).

[2] Defendants have challenged the court's subject matter jurisdiction on numerous prior occasions, and each challenge has been unsuccessful. (See Docs. 38, 64, 75, 93, 198 at 15-16, 198 at 19-20, 306, 331 at 82-83). The court affirms its prior rulings described above and reiterates that its exercise of jurisdiction over the above-captioned case is proper. See 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

warranting a judgment of acquittal or a new trial,[3] it is hereby ORDERED that the motions (Docs. 350-352) are DENIED for reasons previously stated, and on the basis that they are frivolous.

                                                     S/ Christopher C. Conner
                                                    CHRISTOPHER C. CONNER
                                                    United States District Judge

---

[3] On a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, the court must "sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision." United States v. Flores, 454 F.3d 149, 154 (3d Cir. 2006); see also United States v. Smith, 294 F.3d 473, 476 (3d Cir. 2002) ("[A] district court must . . . 'determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence.'" (quoting United States v. Wolfe, 245 F.3d 257, 262 (3d Cir. 2001))).

     Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). When reviewing a motion for a new trial based on a "weight of the evidence" argument, a district court may order a new trial only if the court "believes that 'there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.'" United States v. Brennan, 326 F.3d 176, 189 (3d Cir. 2003) (citation omitted).

     Rule 34 of the Federal Rules of Criminal Procedure direct a court to arrest judgment if "(1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense." FED. R. CRIM. P. 34(a).

     Applying these standards, the court concludes that neither a judgment of acquittal, nor a new trial, nor arrest of judgment is warranted in the instant case. Defendants have simply alleged, without showing, that the court erred. They have not persuaded the court that the evidence is insufficient to establish their guilt, nor have they convinced the court that the indictment does not charge an offense or that the court lacks jurisdiction over the offense.