IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 4:07-CR-0422** |
| : | |
| v. : | **(Judge Conner)** |
| : | |
| **ALBERT LEO BERRETTINI, JR.,** : | |
| and **MARY ANN BERRETTINI**, : | |
| : | |
| **Defendants** : | |

## <u>ORDER</u>

AND NOW, this 11th day of May, 2010, upon consideration of defendants' motion for declaration of mistrial[1] (Doc. 366), and it appearing that defendants request "an Order or Judgment granting the Defendant(s) Petition moving for Mistrial, or otherwise Dismiss With Prejudice[,]" (see Doc. 366 at 1), and that defendants aver that they "file these pleadings . . . based on newly discovered evidence and or newly or recently realized evidence, as presented with exhibits which shall be attached hereto"[2] (id. at 2), and it further appearing that defendants

---

[1] The two defendants in the above-captioned case jointly filed a motion captioned "Emergency Declaration, With Objections and Reservation of Rights and Petition for Mistrial, Including Other Arguments Based on Newly Discovered Evidence." (Doc. 366).
    A criminal defendant may request that a court declare a mistrial, just as the government may do, and a court also has the authority to declare a mistrial upon its own initiative. See United States v. Rivera, 384 F.3d 49, 54 (3d Cir. 2004) (citing United States v. Scott, 437 U.S. 82, 92 (1978)). Ordinarily, where a court declares a mistrial upon the defendant's motion, the government may subsequently re-prosecute the defendant without offending the Double Jeopardy Clause of the Constitution. Id. (citing Scott, 437 U.S. at 100, and Love v. Morton, 112 F.3d 131, 133 (3d Cir. 1997)).

[2] The court notes that no exhibits were attached to the motion (Doc. 366).

contend that the indictment contained error, mistake, or fraud (id. at 4-5), and that the government presented false testimony before the jury (id. at 5-6), and that defendants present a variety of other allegations and arguments which are not material to the pending motion, and the court noting that it has already rejected defendants' arguments that the court should declare a mistrial and that the court should dismiss the indictment or otherwise dismiss the case,[3] and the court

---

[3] Defendant Albert Leo Berrettini filed a motion to dismiss the indictment (Doc. 350) and a motion to dismiss for lack of territorial jurisdiction (Doc. 352). In addition, both defendants filed a motion for acquittal, for arrest of judgment, or for a new trial (Doc. 351), and they sought an order declaring a mistrial (see Doc. 354). These motions were denied by a court order dated March 25, 2010. (Doc. 355). Defendants have also sought dismissal and challenged the court's subject matter jurisdiction on numerous prior occasions, without success. (See Docs. 38, 64, 75, 93, 198 at 15-16, 198 at 19-20, 306, 331 at 82-83).

concluding that defendants have failed to present any basis for declaring a mistrial,[4] it is hereby ORDERED that the motion (Doc. 366) is DENIED.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[4] When the Supreme Court first considered the authority of a trial court to declare a mistrial, it held that courts have such authority "whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." United States v. Perez, 22 U.S. 579, 580 (1824). The Court also noted that "the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes[.]" Id. These principles remain in effect to this day. See United States v. Wecht, 541 F.3d 493, 504 (3d Cir. 2008) (quoting Perez, 22 U.S. at 580); Rivera, 384 F.3d at 55 (quoting Perez, 22 U.S. at 580).

    Although "it is impossible to define all the circumstances" under which declaration of a mistrial would be proper, Perez, 22 U.S. at 580, the court has little difficulty concluding that the pending motion presents no circumstances warranting a mistrial. Defendants have failed to present evidence substantiating their allegations of error, and therefore, the court cannot find that there is a "very plain and obvious" cause for the declaration of a mistrial in the instant case.